Thomas Wilson, Plaintiff, *v.* New York Homeopathic Medical College and Flower Hospital, Defendant.

Supreme Court, Queens County, February, 1924.

**Charitable institutions — hospitals — when hospital not liable for negligence in treatment of patient — negligent application of hot water bags by nurses — when payment to hospital for room, board and nurses a contribution — failure to show special contract or waiver — verdict for plaintiff set aside.**

Hospitals are not liable, except perhaps for failure to exercise care in selection, for the negligence of their physicians, surgeons and nurses in the treatment

of patients in the absence of special contract or waiver of their legal exemption or immunity.

Plaintiff upon the advice of his physician and surgeon entered the defendant's hospital for the purpose of an operation. The operation was performed by his surgeon and he paid the hospital twenty-eight dollars a week for room, board and nurses. After the operation plaintiff claimed that he received severe burns by the negligent application of hot water bags by the nurse or nurses in the employ of the hospital. He brought an action against the hospital for damages and recovered a verdict. Defendant moves to set aside the verdict and for a dismissal of the complaint. *Held*, that although the evidence was sufficient to justify the jury in finding that the burns were due to the negligence and want of care of the defendant's nurses, the defendant was not liable as the payment made to it by plaintiff was merely a contribution, not sufficient to more than pay for the actual expense incurred by the defendant in the care of plaintiff and not sufficient to show even an implied special contract with defendant or waiver of exemption of liability, and defendant's motion to set aside the verdict in favor of plaintiff will be granted on the ground of plaintiff's failure to make out a case for the jury, and the complaint dismissed.

MOTION to set aside verdict of jury and to dismiss complaint.

*Solomon Goodman,* for plaintiff.

*Whiteside & Stryker,* for defendant.

VAN SICLEN, J. The defendant moves to set aside verdict of the jury, not excessive in amount, and for a dismissal of the complaint; the court having reserved decision at the end of the plaintiff's case and at the end of the whole case, and having submitted the question of " whether or not in this particular instance and under the facts in the record the defendant acted as a charitable corporation with respect to this plaintiff." A brief statement of the facts is necessary to intelligently pass upon the present motion. The plaintiff on or about November 3, 1922, was advised by his physician and surgeon, not then connected with the defendant, to enter the defendant's hospital for the purpose of an operation. The operation was performed by the said surgeon employed and paid for by the plaintiff, and the plaintiff paid to the defendant the sum of twenty-eight dollars per week for room, board and services of nurses and also an additional amount for incidentals. Subsequent to the operation plaintiff claims he received severe burns to his body by the negligent application of hot water bags or bottles by the nurse or nurses in the employ of the defendant. The complaint herein attempts to set up two causes of action, the first based on contract, and the second in tort, and plaintiff now contends that the verdict rendered in his favor by the jury on the evidence presented is such that it finds support under the authorities in point. For the purpose of the motion this court will hold that the defendant is a charitable institution and that the evidence in the record is sufficient

Supreme Court, February, 1924. [Vol. 122

to justify a jury in holding as a matter of fact that the burns received by the plaintiff were not incidental to the operation or the fault of the operating surgeon employed by the plaintiff, but by reason of the negligence and want of care of the defendant's nurses. This will present without any qualifications the question as to whether or not the charitable character of the defendant is a complete defense to the plaintiff's claim; if so, no question of fact was presented which should have been submitted to the jury. Upon the trial the defendant interposed no defense other than to show that it was not negligent in its choice and employment of nurses. Its contention is that even such defense was unnecessary under the authorities. Much has been written upon the subject. The case of *Schloendorff* v. *N. Y. Hospital*, 211 N. Y. 124, is a late expression by the Court of Appeals which holds the settled rule to be that a charitable hospital or institution is not liable for the negligence of its physicians and nurses in the treatment of patients, and that its exemption therefrom is based upon two grounds: *First*, that of the implied waiver of one who accepts the benefit of a charity enters into a relation which exempts one's benefactor from liability from negligence of his servants in administering charity; and *second*, that of the relation existing between a hospital and the physicians and nurses who serve it is not one of master and servant, but that the physician and the nurse occupy the position of an independent contractor, liable, of course, for their own wrongs to the patient whom they undertake to serve, but involving the hospital in no liability if due care has been taken in their selection. The authorities in some states go to the extent of eliminating liability as to care in the choice and selection of physicians and nurses. The plaintiff herein bases his claim for damages on the negligence of defendant's nurses. Having employed his own surgeon, but not his own nurse or nurses, no claim is made and no proof was offered of defendant's neglect in their selection. In order to determine the motion now before the court it is unnecessary to refer to the authorities without number upon the subject, none of which perhaps discloses in detail a similar state of facts set forth by the record in the present case. The sum and substance point to the general conclusion that charitable institutions are not liable (except, perhaps, for failure to exercise care in selection) for the negligence of their physicians, surgeons and nurses in the treatment of patients, and, therefore, before a patient can recover for such negligence, he must show a special contract or a waiver on the part of the charitable institution of its legal exemption or immunity. The complaint herein fails to show such special contract or waiver unless the payment of twenty-eight dollars per week for room, board

and services of nurses barred the defendant from setting up a defense of charity and its consequential exemption from liability, and, if the evidence is such that it raised a question of fact, said question was properly submitted to the jury, and, if not, it was error to submit any question to the jury. A careful review of the testimony discloses that the payment made by the plaintiff to the defendant was merely a contribution, not sufficient to more than pay for the actual expense incurred by defendant in its care of the plaintiff and certainly not sufficient to show even an implied special contract with the defendant or a waiver of exemption by it. Without citing authorities I find the tendency in recent decisions is to go even further than is necessary for the determination of this motion on the question of non-liability of charitable institutions to patients; the fair probability is that it will become the settled law that charitable institutions cannot even by special contract or by waiver incur liability to patients, or be held liable for negligence in the choice and selection of physicians and nurses. Under such ruling a patient would be relegated entirely to his remedy against the individual, be it trustee, director, manager, physician or nurse, on the theory that no one by his act can fix liability upon a strictly charitable institution or for it, waive its immunity therefrom. I am forced to conclude from the foregoing that the plaintiff under the authorities failed to make out a case for the jury and that the defendant's motion should now prevail. Defendant's motion is, therefore, granted, verdict is set aside and complaint dismissed, with exception to the plaintiff, with thirty days' stay and thirty days to make a case.

Ordered accordingly; judgment accordingly.